**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**BEYOND CAPITAL FINANCIAL MANAGEMENT**                    **PLAINTIFFS**
**GROUP INC. d/b/a BEYOND CAPTIAL and**
**KENNETH WATTS, JR.**

**vs.**                                          **CIVIL ACTION No.: 3:20-CV-402-HTW-LGI**

**BYLINE BANK and JOHN DOES 1-10**                                **DEFENDANTS**

<u>**ORDER**</u>

BEFORE THIS COURT is Defendant Byline Bank's ("Defendant" or "Byline Bank")

*Motion to Dismiss or, in the Alternative, to Transfer Venue* **[Docket No. 12]**. In its motion,

Defendant argues that this court should dismiss this lawsuit for either of two reasons: that Byline

Bank is not subject to the *in personam* jurisdiction of this court; or that the plaintiffs' Complaint

fails to state a claim. Byline Bank also has requested, in the alternative, that this court transfer this

case to the United States District Court for the Northern District of Illinois. Plaintiffs Beyond

Capital Financial Management Group, Inc. and Kenneth Watts, Jr. ("Beyond Capital" or

"Plaintiffs") oppose Defendant's arguments.

This court has reviewed the Complaint, submissions of the parties, and the relevant

jurisprudence, and finds that it, for the reasons following, must deny Defendant's requests to

dismiss or transfer this matter to the United States District Court for the Northern District of

Illinois.

## I.      BACKGROUND

### A. Parties

Plaintiff Beyond Capital is a financial advisory group incorporated in the State of

Mississippi, with its corporate office located in the City of Meridian, Lauderdale County,

Mississippi. Plaintiff Kenneth Watts, Jr. ("Watts"), also a resident of Meridian, Lauderdale County, Mississippi, is the president of Beyond Capital.

Defendant Byline Bank is a corporation organized and existing under the laws of the State of Illinois, with its principal office and place of business in Bannockburn, Illinois. Byline Bank is registered with the Mississippi Secretary of State to do business in Mississippi. [See Docket no. 11-9].

Its Mississippi registered agent for service of process is Corporate Service Company of Madison, Mississippi. [See Docket no. 11-9]. Plaintiffs properly served their Summons and Complaint in the case *sub judice* upon Byline Bank through their registered agent on or about May 12, 2020. [Docket no. 1-1, p. 19-20].

John Does 1-5, also named by Plaintiffs as defendants in this cause, are unidentified individuals, "who represented themselves to be '[persons with] Byline Bank' and whose proper names may be made known upon discovery in this action." [Docket no. 1-1 at ¶ 3]. The Federal Rules of Civil Procedure "do not authorize [a plaintiff] to maintain suit indefinitely against a fictitious defendant," such as a "John Doe." *Warner v. Lear Corp.*, No. 3:15-CV-1878-D, 2017 WL 930829, at *10 (N.D. Tex. Mar. 9, 2017) (citing *5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* § 1321, at 382 (3d ed. 2004 & Supp. 2016)). This court, therefore, does not consider these unidentified defendants for purposes of its analysis herein.

### B.  The Complaint

Plaintiffs' Complaint [Docket no. 1-1] stems from a financial loan agreement between the parties, and asserts the following causes of action against the Byline Bank and John Does 1-10: (1) Breach of Contract; (2) Bad Faith and Tortious Breach of Contract; (3) Breach of Duties of

Good Faith and Fair Dealing; (4) Breach of Fiduciary Duties; (5) Fraudulent Misrepresentation; (6) Negligent Misrepresentation; and (7) Negligence.

The Complaint, alleging that this court has personal jurisdiction over Byline Bank, states that "Byline Bank has a presence in Mississippi and is doing business in Mississippi through loans to Mississippi residents and companies and through 'ATM' machines located in businesses such as Walgreens pharmacies located Lauderdale County, Mississippi, and this Court has personal jurisdiction over defendant." [Docket no. 1-1 at ¶ 3].

Relative to the salient facts spawning this litigation, Plaintiffs' Complaint alleges the following: in order to satisfy certain financial requirements imposed in 2018 by the Securities Division of the Mississippi Secretary of State, Plaintiffs sought refinance assistance from Byline Bank[1]. Byline Bank sent a loan proposal to Plaintiffs on November 21, 2018. [Docket no.11-2]. The proposal was addressed to Plaintiff Watts's personal address in Meridian, Mississippi, and stated the following:

> Byline Bank is pleased to provide you with this proposal of loan terms for discussion purposes only. This proposal of loan terms does not constitute an agreement or…a bank commitment to lend. A loan commitment will be subject to further review and approval by Byline Bank's credit department.

[Docket no. 11-2 at p. 1]. The proposal named Plaintiffs Watts and Beyond Capital as "Borrowers" and outlined possible terms of a loan agreement between the parties.

Plaintiffs allege they discussed the circumstances surrounding the Securities Division investigation with Byline Bank representatives and provided Byline Bank a copy of the Consent Order between Beyond Capital and the Securities Division of the Mississippi Secretary of State.

---

[1] Plaintiffs allege they initially sought refinance assistance from TD Ameritrade, which company introduced Plaintiffs to Byline Bank. [Docket no. 12, p. 1].

[Docket no. 1-1].  Byline Bank's representatives, thus, allegedly were aware of Beyond Capital's urgent need to refinance its obligations.

The Plaintiffs contend they completed all of the conditions set forth by Byline Bank in the November 21, 2018 loan proposal.  Byline Bank, thereafter, sent a second letter to Plaintiffs on or about February 27, 2019. [Docket no. 1-1].  The letter, addressed to Plaintiffs in Meridian, Lauderdale County, Mississippi, stated:

> We are pleased to inform you that Byline Bank ("Bank") has agreed to offer to Beyond Capital Financial [M]anagement Group, Inc. dba Beyond Capital, Inc. ("Borrower"), at Bank's sole discretion the following credit facility which is subject to, but not limited to, the terms and conditions set forth herein.

[Docket no. 1-1 at p. 1].  The letter then set forth certain conditions and stipulated that "this loan is further subject to approval by the U.S. Small Business Administration (SBA)…" [Docket no. 1-1 at p. 3]. The letter is signed by Avelina Poppert, Byline Bank's Assistant Vice President.

Plaintiffs and Byline Bank, from November 2018 to May 30, 2019, then purportedly engaged in the following activity regarding the loan application: Plaintiffs provided additional financial information in response to Byline Bank's demands:

- Plaintiff Watts assigned his life insurance policy to Byline Bank at the request of Byline Bank and as a condition of the proposed loan [Docket no. 1-1, ¶ 6; Docket no. 11-3];

- Plaintiff Watts's wife, Kimberly Watts, opened a "collateral account" with Byline Bank as a condition of the proposed loan [Docket no. 1-1, ¶ 6; Docket no. 11-4];

- Byline Bank's representatives "contacted [P]laintiff's creditors, including the IRS, Bank Officer Brad Huff of Community Bank in Meridian, Lauderdale County, Mississippi [and] Bank Officer Craig Espy of First State Bank in Meridian, Lauderdale County, Mississippi." [Docket no. 11, ¶ 13];

- Byline Bank's representatives requested letters from promissory note holders who were residents of Mississippi;

4

- Byline Bank advised Plaintiff's creditors that "they would be paid imminently and directly out of the process of the loan";

Plaintiffs allege that on multiple occasions throughout the same period of time, that is, November 2018 through May 2019, Byline Bank associates made clear Byline Bank's intent to fund the loan.

On Friday, May 17, 2019, Byline Bank representatives allegedly advised Watts that the loan was approved. Again, on Monday, May 20, 2019, Byline Bank representatives allegedly told Watts that the loan was approved. Plaintiffs contend that at some point thereafter, Byline Bank allegedly unilaterally modified the loan figure and ran Beyond Capital's credit score again.

On May 30, 2019, Byline Bank wrote a letter informing plaintiffs that the loan had been denied. This letter again was addressed to Plaintiffs' business address in Meridian, Lauderdale County, Mississippi.  The letter stated:

> Thank you for applying to us to credit. We have given your debt refinance request careful consideration, and regret that we are unable to extend credit to you at this time for the following reasons: Ineligible for SBA/USDA Guaranty (Government Risk Score Below Threshold).

[Docket no. 11-7 at p. 1]. The letter was signed by Ann Daly, "Bank Officer, Credit Manager". [Docket no. 11-7].

Thereafter on May 31, 2019, however, Byline Bank Assistant Vice President Avelina Poppert issued an email to Plaintiff Watts, advising him that she was still in contact with individuals seeking to make the loan. [Docket no. 11-8]. Beyond Capital emphasizes that it did not pursue other sources of refinancing based on Byline Bank's alleged assurances.

## II.  FEDERAL SUBJECT MATTER JURISDICTION

This court possesses federal subject matter jurisdiction over the parties based on diversity of citizenship under Title 28 U.S.C. § 1332[2] because the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs, and is between citizens of different states.  Complete diversity of citizenship exists here, as Defendant Byline Bank does not reside in the same state as either of the plaintiffs[3].

## III.    ANALYSIS

### A.
### *In Personam* Jurisdiction

In cases purporting to invoke 28 U.S.C. § 1332, diversity subject matter jurisdiction, such as this matter before the court, the exercise of personal jurisdiction over a non-resident defendant must comport with both federal constitutional due process requirements and the long-arm statute of the state in which the district court is located. *Companion Prop. and Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013)(citing *Paz v. Brush Engineered Materials, Inc.*, 445 F.3d 809, 812 (5th Cir. 2006)).

To exercise personal jurisdiction in this lawsuit, then, this court must find: (1) that Byline Bank is subject to jurisdiction under Mississippi's long-arm statute, Miss. Code Ann. § 13-3-57[4],

---

[2] 28 U.S.C. § 1332 states:

(a)      The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—

(1)      Citizens of different States; …

[3] "If the case involves more than one plaintiff and more than one defendant, the court must be certain that all plaintiffs have a different citizenship from all defendants."  *Getty Oil Corp. v. Ins. Co. of f. Am.*, 841 F.2d 1254, 1258 (5th Cir.1988) (citing *B, Inc. v. Miller Brewing Co*., 663 F.2d 545, 548–49 (5th Cir. Unit A Dec.1981)). (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806)).

[4] Mississippi's long-arm statute provides:

and (2) that the exercise of *in personam* jurisdiction comports with the due process requirements of the Fourteenth Amendment[5] of the United States Constitution. *Aviles v. Kunkle*, 978 F.2d 201, 203-04 (5th Cir. 1992); *EEOC v. Vicksburg Healthcare, LLC*, No. 3:13cv895-KS-MTP, 2014 WL 4715463, at *2 (S.D. Miss. Sept. 22, 2014).

Mississippi's long-arm statute features three sections that provide three distinct bases for personal jurisdiction, referred to as the three prongs: the 'contract' prong; the 'tort' prong; and the 'doing business' prong. See *Walker v. World Ins. Co.,* 289 F.Supp.2d 786, 788 (S.D. Miss. 2003). To exercise personal jurisdiction over Byline Bank under the long-arm statute, this court must find: 1) that Byline Bank entered into a contract to be performed in whole, or in part in Mississippi; or 2) that Byline Bank committed a tort, in whole or in part in Mississippi; **or** 3) that the Byline Bank was "doing business" in Mississippi.  *Sorrells v. R.&R. Custom Coach Works, Inc.* 636 So.2d 668, 671 (Miss. 1994).

---

Any non-resident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein, who shall *make a contract* with the resident of the state to be performed in whole or in part by any party in the state, or who shall *commit a tort* in whole or in part in this state against a resident or non-resident of the state, or who shall *do any business* or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. §13-3-57 (emphasis added).

[5] Section 1**.** All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

U.S. Const. amend. XIV

Byline Bank does not discuss the Long-Arm statue in support of its motion to dismiss; rather, Byline Bank argues that should this court exercise personal jurisdiction over it, the exercise would violate the due process provisions of the Fourteenth Amendment. This would be so, reasons Byline Bank, since it has not had sufficient minimum contacts with Mississippi to be subjected to either specific or general personal jurisdiction in this state[6].

### 1. Minimum Contacts

The exertion of personal jurisdiction over a nonresident defendant under the Long-Arm Statute must comport with due process principles; thus, even if the strictures of the Long-Arm Statute are satisfied, personal jurisdiction cannot be found unless the exercise of personal jurisdiction would not offend due process under the Fourteenth Amendment.  The due process determination requires, first, that the nonresident defendant must have "purposefully availed itself of the benefits and protections of the forum state by having established 'minimum contacts' with the forum state." *Latshaw v. Johnson*, 167 F.3d 208, 211 (5th Cir. 1999) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945)).  Secondly, the exercise of *in personam* jurisdiction over the nonresident defendant must not offend "traditional notions of fair play and substantial justice*." Daimler AG v. Bauman,* — U.S. —, 134 S.Ct. 746  (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2853) (2011); see also *Allred v. Moore & Peterson*, 117 F.3d 278, 285 (5th Cir. 1997).

 The plaintiff has the burden to make a *prima facie* showing that personal jurisdiction is proper.  *Luv N' Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir. 2006).  The court must accept the plaintiffs' uncontroverted allegations and resolve all conflicts between the facts

---

[6] Byline Bank asserts: "[t]o streamline this analysis and to avoid wasting valuable judicial resources, Byline Bank only argues that exerting jurisdiction over Byline Bank in this case would violate the Due Process Clause of the Fourteenth Amendment and the U.S. Constitution requiring dismissal under Rule 12 (b)(2)." [Docket no. 6, p. 4, at footnote 1].

contained in the parties' affidavits and other documentation in plaintiffs' favor. *Revell v. Lidov,* 317 F.3d 467, 469 (5th Cir. 2002).  See also *Ruston Gas Turbines, Inc., v. Donaldson Company, Inc. v. Corchran, Inc.,* 9 F.3d 415 (5th Cir. 1993).

a.   General Jurisdiction

A defendant is exposed to general jurisdiction when the defendant's activities in the targeted state are continuous and systematic.  If the contacts are systematic and continuous, personal jurisdiction is conferred even if a particular cause of action has no relationship to those contacts. Byline Bank, an Illinois state-charted banking institution headquartered in the State of Illinois, argues that since it maintains no offices in Mississippi; has no employees in the State of Mississippi; and has no deposits activity in Mississippi, its contact with Mississippi is not systematic and continuous.

Byline Bank further asserts that it does not lease nor own any ATM locations in the State of Mississippi. Plaintiffs disagree and have submitted an exhibit allegedly depicting over sixty (60) Byline Bank ATM locations in Mississippi. [Docket no. 11-10].  This court has examined Plaintiffs' submission and finds that, on its face, this document does not corroborate Plaintiffs' argument. This court specifically notes that the ATM photograph, which is a part of the record herein, shows "Prosperity Bank" as the ATM sponsor. [Docket no. 11-10, p. 13].

The matter of loans is different. Byline Bank concedes that it has issued loans to Mississippi residents; these loans, though, says Byline Bank, comprise less than one percent of Byline Bank's entire lending portfolio.  In support of its calculations, Byline Bank submitted an Affidavit from its Legal Counsel and Vice President Elka Nelson ("Nelson"). [Docket no. 5-1]. Nelson's Affidavit states that "[a]s of April 30, 2020, Byline Bank had only three (3) performing loans to Mississippi residents. [Docket no. 5-1 at ¶ 15]. Further, says Nelson, "[a]s of April 30,

2020, the entirety of Byline Bank's leases and loans to Mississippi residents, only, had a carrying value of $4,017,578.01.  Byline Bank offers no further information regarding the three loans issued to Mississippi residents. Byline Bank maintains, resultedly, that its activities are not so "continuous and systematic" as to "render Byline Bank essentially at home" in Mississippi as defined in *Daimler AG v. Bauman,* — U.S. —, 134 S.Ct. 746  (2014);  *Monkton Ins. Services, Ltd. v. Ritter*, 768 F.3d 429 (5th Cir. 2014).

In *Daimler*, the United States Supreme Court considered the factors necessary to establish general jurisdiction.   The Court there observed that the issue in determining whether general jurisdiction exists over an out-of-state corporation is whether the defendant's "affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State.*"* *Daimler*, at 761 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown,* — U.S. —, 131 S.Ct. 2846, 2851 (2011).  It is very difficult, the Court said, to establish general jurisdiction for a corporation in a forum other than its place of incorporation or its principal place of business. *Id.* See also  *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 411–12 (1984); and *Monkton,* 768 F.3d at 432.   As previously noted, Mississippi is not the place of incorporation for Byline Bank; nor is it Byline Bank's principal place of business.

The Mississippi Supreme Court, though, made clear in *Read v. Sonat Offshore Drilling, Inc.*, 515 So. 2d 1229 (Miss. 1987) that "where a non-resident firm has, in fact, qualified to do business in this state and has appointed a resident agent for service of process, it is treated like a resident corporation for purposes of due process.  The *Read* Court explained that, "any plaintiff may simply serve process upon the registered agent, without even utilizing one of the three prongs of the lon-arm statute." *Id*. at 1231.

This court finds that, in the case *sub judice,* Plaintiff has pleaded sufficient facts to show that Byline Bank's contacts with Mississippi are "continuous and systematic" enough to render it at home in Mississippi. Byline Bank is registered with the Mississippi Secretary of State to conduct business in Mississippi. Its registered agent to accept service in Mississippi is Corporate Service Company of Madison, Mississippi.  Required to maintain good standing with the Mississippi Secretary of State, Byline Bank has filed with Mississippi Secretary of State its 2020 Corporate Annual Report.  Byline Bank admits it conducts business activities in Mississippi, although Byline Bank describes this activity as consisting of only three (3) loans which comprise only one percent of its total portfolio. The above factors, in toto, persuade this court that Byline Bank has purposefully availed itself of the jurisdiction of Mississippi courts.

### b.  Specific Jurisdiction

In assessing whether a court has specific jurisdiction over a nonresident, the court looks to see whether the defendant's conduct related to the litigation creates a substantial connection with the forum State.  Specific Jurisdiction "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore* __ U.S. __, 134 S.Ct. 1115, 1121 (2014) (as quoted in *Monkton Ins. Services, Ltd. v. Ritter,* 768 F.3d at 432-33 (5th Cir. 2014).

In making the specific jurisdiction analysis, the Court of Appeals for the Fifth Circuit applies the following three-step analysis.

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Seiferth v. Helicopteros Atuneros, Inc.,* 472 F.3d 266, 271 (5th Cir.2006)

If Plaintiffs can establish the first two prongs, the burden then shifts to Byline Bank to show that exercising jurisdiction over it would be unfair or unreasonable. *Id.* Plaintiffs here point again to Byline Bank's registration with Mississippi Secretary of State to show that Byline Bank has purposefully availed itself of the privileges of conducting activities in Mississippi, satisfying the first criteria.

The second factor is also in favor of Plaintiffs. Byline Bank directed several letters, emails, and telephone calls to Mississippi residents in this litigation. Byline Bank first issued a loan proposal to Plaintiffs on November 21, 2018. [Docket no. 11-2]. Byline Bank then sent a second "offer letter" on February 27, 2019. [Docket no. 11-5]. Byline Bank sent its official "rejection letter" to Plaintiffs on May 30, 2019. [Docket no. 11-7]. Each of these letters was addressed to Meridian, Lauderdale County, Mississippi.

Byline Bank's representatives contacted Plaintiffs' creditors, including the IRS, Bank Officer Brad Huff of Community Bank in Meridian, Lauderdale County, Mississippi, and Bank Officer Craig Espy of First State Bank in Meridian, Lauderdale County, Mississippi. Byline maintained communications with these named Mississippi residents in connection with the loan agreement, which is the subject of this lawsuit. Byline Bank's representatives requested letters from promissory note holders who were residents of Mississippi, and Byline Bank advised Plaintiff's creditors, who are located in Mississippi, that "they would be paid imminently and directly out of the process of the loan".

This court finds that it does have *in personam* jurisdiction over Byline Bank in this case. Having registered to do business in Mississippi and communicating with Plaintiffs for months regarding a business relationship, Byline Bank cannot now say it did not expect to be hailed into

12

court here.  The exercise of personal jurisdiction in this instance, under these circumstances, is fair and reasonable.

**B.**

**BYLINE BANK'S RULE 12(b)(6) MOTION TO DISMISS**

Byline Bank also attacks Plaintiffs' Complaint under Rule 12(b)(6) of Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted." When tasked with this question, this court must consider the facts in the light most favorable to the plaintiff and determine whether the complaint states a valid claim for relief.  *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

The United States Supreme Court has stated that the complaint must allege sufficient facts to give rise to a plausible claim.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  A claim has facial plausibility when the plaintiff pleads factual conduct that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*  In considering a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court "looks only at the sufficiency of the allegations in the pleadings and assumes them to be true." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

Under Mississippi law, a prima facie case is made by a claimant on a suit for breach of contract by proving the following: (1) the existence of a valid and binding contract, and (2) a showing that the defendant has broken or breached it. *Maness v. K & A Enterprises of Mississippi, LLC*, 250 So. 3d 402, 414 (Miss. 2018), *reh'g denied* (Aug. 9, 2018) *Gulf Coast Hospice LLC v. LHC Group Inc.*, 273 So.3d 721, 734 (Miss. 2019). "The elements of a contract are (1) two or more contracting parties, (2) consideration, (3) an agreement that is sufficiently definite, (4) parties with legal capacity to make a contract, (5) mutual assent, and (6) no legal prohibition precluding

13

contract formation." *GGNSC Batesville, LLC v. Johnson*, 109 So. 3d 562, 565 (¶ 6) (Miss. 2013) (emphasis omitted) (quoting *Adams Cmty. Care Ctr., LLC v. Reed*, 37 So. 3d 1155, 1158 (¶ 7) (Miss. 2010)).

Because the letter of intent provides that the intention to consummate the transaction was subject to certain "terms and conditions," Byline Bank argues that the failure of those terms and conditions results in the absence of a valid and binding contract. *Gulf Coast Hospice LLC*, 273 So.3d at 736-73.  Plaintiffs concede to the definition of a "contract" under Mississippi law; however, they argue that genuine issues of material fact exist whether Defendants in fact complied with the terms and conditions, to constitute a valid a binding contract between the parties. A reasonable jury, say the Plaintiffs, may find that Byline Bank's correspondence to the Plaintiff, and its subsequent actions towards the Plaintiffs, constitute a valid and binding agreement.

The parties herein agree that initial negotiations regarding the subject loan by Byline Bank began with the loan proposal made on November 21, 2018 and followed with the "offer letter" on February 27, 2019.  (See Docket nos. 11-2 and 11-5).  Byline Bank alleges that Beyond Capital did not meet the terms and conditions of the commitment letter; Beyond Capital disagrees, arguing that even after its "denial letter" dated May 30, 2019, Byline Bank's representative and Vice President continued to operate under the auspices of the previously offered loan agreement. Because genuine issues of material fact exist as to whether there was a valid contract at all, this court must deny Byline's Bank's motion to dismiss under 12(b)(6).

**C.**

**CHANGE OF VENUE**

Defendant, as an alternate form of relief, moves this court under the authority of Rule 12(b)(3)[7] of

the Federal Rules of Civil Procedure to find that Mississippi is the improper venue for this lawsuit.

The general venue statute is provided below:

> (b) Venue in general.--A civil action may be brought in--
>> (1) a judicial district in which any defendant resides, if all defendants are
>> residents of the State in which the district is located;
>> (2) a judicial district in which a substantial part of the events or omissions
>> giving rise to the claim occurred, or a substantial part of property that is the
>> subject of the action is situated […]

28 U.S.C.A. § 1391 (West). Both parties argue that Title 28 U.S.C. § 1391(b)(3) provides that a

court is a proper venue in "any judicial district in which any defendant is subject to the court's

personal jurisdiction with respect to such action." *Id.*  Title 28 U.S.C. § 1391(b)(3) states:

> (b) Venue in general.--A civil action may be brought in—[…]
>> (3) if there is no district in which an action may otherwise be brought as
>> provided in this section, any judicial district in which any defendant is
>> subject to the court's personal jurisdiction with respect to such action.

28 U.S.C.A. § 1391 (West).

Defendant argues that this court is not the proper venue because the defendant resides

within the Northern District of Illinois and does not reside in the State of Mississippi.  Defendant

argues that, as a result of the defendant's residency, that this court does not possess *in personam*

jurisdiction. Defendant further avers that it will not challenge personal jurisdiction if this lawsuit

is transferred to the Northern District of Illinois. Plaintiffs respond that changing venue to the

---

[7] (b) How to Present Defenses. Every defense to a claim for relief in any pleading must be asserted in the responsive
pleading if one is required. But a party may assert the following defenses by motion: […]
        (3) improper venue;
Fed. R. Civ. P. 12

Northern District of Illinois would cause hardship because Plaintiffs are domiciled in the State of Mississippi and travelling to the State of Illinois to prosecute their case would be cost prohibitive.

This court finds that it is the proper venue for this lawsuit. Title 28 USCA § 1391 (b)(2) provides that proper venue may be found where the substantial part of the acts or omissions giving rise to the lawsuit occurred.

As stated *supra*, this court has found it possesses personal jurisdiction over Defendant Byline Bank. Byline Bank addressed several letters to the Plaintiffs' business and personal addresses located in Meridian, Lauderdale County, Mississippi. Plaintiff allegedly relied upon Byline Bank's assurances, which were sent to Plaintiffs in Mississippi via letters, emails, and phone calls. Byline Bank contacted Plaintiffs' creditors in the State of Mississippi and requested letters from promissory note holders who were residents of Mississippi. Defendant also issued a formal written denial to Mississippi, stating it would not extend an offer of credit – which, according to Plaintiffs, is the crux of Byline Bank's breach.

This court further finds that, according to the Court's decision in *Read*, 515 So.2d 1229 (1987), discussed *supra*, a corporation qualified to do business in Mississippi with a Mississippi agent of service, is a resident corporation for purposes of litigation. Byline Bank is registered with the Mississippi Secretary of State, is doing business in the State of Mississippi, and has been found to be subject to this court's personal jurisdiction. This court, accordingly, is the proper venue for this action.

## IV.     CONCLUSION

**IT IS, THEREFORE, ORDERED** that Defendant's *Motion to Dismiss or, in the Alternative, to Transfer Venue* [Docket 12] hereby is DENIED.

**SO ORDERED AND ADJUDGED** this the 24th day of September, 2021.

/s/HENRY T. WINGATE_____
**UNITED STATES DISTRICT COURT JUDGE**

17